**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re:

HERMAN SEGAL,                                                                Chapter 7

                            Debtor.                         Case No. 13-45519 (NHL)
---------------------------------------------------------x
ARNOLD YOUNG,
                                         Adv. Pro. No. 14-01122 (NHL)

                            Plaintiff,

        -against-

HERMAN SEGAL,

                            Defendant.
---------------------------------------------------------x

**ORDER TERMINATING THE AUTOMATIC STAY UNDER 11 U.S.C. §§ 362(c)(2)(C) & 362(d)(1) & DISMISSING THE ADVERSARY PROCEEDING WITHOUT PREJUDICE**

Based upon *Order, Pursuant to Federal Rule of Bankruptcy Procedure 7055, Directing the Entry of a Default Judgment Against the Debtor* (the "Order Directing Entry of Default Judgment Denying Debtor's Chapter 7 Discharge") [Adversary Proceeding No. 13-01545 (NHL), Docket No. 32]; and *Judgment by Default Against Defendant Herman Segal Denying the Debtor's Discharge* (the "Judgment by Default Denying Herman Segal's Discharge") [Adversary Proceeding No. 13-01545 (NHL), Docket No. 33]; and the Court's *Notice to Debtor, Creditors and Interested Parties of Denial of Discharge* ("Notice of Denial of the Debtor's Discharge") [Bankruptcy Case No. 13-45519 (NHL), Docket No. 170], providing that an order denying debtor Herman Segal (the "Debtor") his discharge under 11 U.S.C. § 727(a) was signed by the Honorable Nancy Hershey Lord on January 31, 2015; and based upon the complaint filed by Arnold Young against Defendant Herman Segal in this Court for (i) a determination of dischargeability under 11 U.S.C. §§ 523(a)(2), (a)(3)(B), and (a)(6); and (ii) denial of the

Debtor's discharge under 11 U.S.C. §§ 727(a)(3), (a)(4)(C) and (c)(1) and Rules 7001(4), 7001(6) and 7003 of the Federal Rules of Bankruptcy Procedure (the "<u>Adversary Complaint</u>") [Bankruptcy Case No. 13-45519 (NHL), Docket No. 115]; and based upon the record in (i) the above-captioned adversary proceeding, Adversary Proceeding No. 14-01122 (NHL) (the "<u>Adversary Proceeding</u>"), (ii) the adversary proceeding commenced by Richard E. O'Connell, as chapter 7 trustee of the estate of Herman Segal (the "<u>Trustee</u>"), against the Debtor Herman Segal, Adversary Proceeding No. 13-01545 (NHL), and (iii) the above-captioned bankruptcy case No. 13-45519 (the "<u>Bankruptcy Case</u>"); and having found that notice of (i) the Order Directing Entry of Default Judgment Denying Debtor's Chapter 7 Discharge, (ii) Judgment by Default Denying Herman Segal's Discharge, and (iii) Notice of Denial of the Debtor's Discharge was adequate and proper under the circumstances and no other or further notice is necessary; and the Court having jurisdiction over this matter under 28 U.S.C. §§ 157(b)(1) and 1334(a); and after due inquiry, deliberation and sufficient cause appearing for the relief granted under 11 U.S.C. §§ 362(c)(2)(C) and 362(d)(1),

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The automatic stay of 11 U.S.C. § 362 is hereby terminated under 11 U.S.C. §§ 362(c)(2)(C) and 362(d)(1) as to Arnold Young, and his successors, heirs and assigns, who may exercise any rights and remedies, and assert any claims and causes of action, against Herman Segal, except that the automatic stay of an act against property of the estate under 11 U.S.C. § 362(a) shall continue until such property is no longer property of the estate or further order of the Court.

2.      Arnold Young shall file a written notice in the Bankruptcy Case five (5) days before enforcing any non-bankruptcy court order, judgment or decree, or collecting, levying

upon, or taking possession of, any property of Herman Segal. ***Arnold Young may not enforce any non-bankruptcy court order, judgment or decree, or collect, levy upon, or take possession of any property of the Debtor that is property of the Debtor's estate without an Order from this Court.***

3. The Adversary Proceeding is dismissed without prejudice.

4. In the event that the Judgment by Default Denying Herman Segal's Discharge under 11 U.S.C. § 727(a) is revoked, void, reversed, vacated, or overturned for any reason, Arnold Young, and his successors, heirs and assigns, shall have the right to reopen, reinstate and pursue the Adversary Proceeding, and any such recommencement of the Adversary Proceeding shall be deemed timely and not barred by the running of any statute of limitation that might otherwise expire after the date hereof.

5. This Order shall be in full force and effect upon its entry.

6. The Court retains jurisdiction to hear and determine all matters related to or arising out of this Order.

**Dated: May 13, 2015**
**Brooklyn, New York**

_____
**Nancy Hershey Lord**
**United States Bankruptcy Judge**